UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALVIN TAYLOR

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-0091

JUDGE STAGG

MAGISTRATE JUDGE HORNSBY

## **REPORT AND RECOMMENDATION**

The plaintiff in this action appeals an adverse decision by the Commissioner of the Social Security Administration. For the reasons that follow, it is recommended that the complaint be dismissed without prejudice for failure to prosecute.

Plaintiff commenced this action, represented by counsel. After the Commissioner filed a transcript of the agency proceedings, counsel for Plaintiff moved to withdraw. He represented that he and his client disagreed as to the proper course of action with respect to the appeal. The court allowed counsel to withdraw and ordered that Plaintiff file a brief within 45 days of the November 7, 2005 order. That deadline was December 22, 2005. Approximately three weeks have passed since the deadline, and Plaintiff has filed nothing.

A district court has the inherent authority to dismiss an action, even sua sponte, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982).

Dismissal is warranted. In deciding whether to dismiss with or without prejudice, the court must keep in mind that "[d]ismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of ... aggravating factors." Clofer v. Perego, 106 F.3d 678, 679 (5th Cir. 1997). There are no aggravating factors shown in this record, so only a dismissal without prejudice is appropriate here.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of January, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE